IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division

No. 7:18-CR-00184-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **REQUEST FOR DISCOVERY** |
| | ) | |
| ERICA SHARONDA SATCHELL | ) | |

THE DEFENDANT, by and through counsel, hereby requests that the Government comply with the following discovery request, made pursuant to the provisions of Federal Rule of Criminal Procedure 16 and other authorities cited herein. This request is made in order to preserve, on the record, the Defendant's requests for discovery. THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT. For that reason, the requirements of Local Rule 12.2 are not applicable.

Defendant requests that the Government reveal, disclose, and allow for Defendant to inspect, copy or photograph the following:

1. The substance of any oral statement(s) which the Government intends to offer in evidence at the trial, made by the Defendant, whether before or after arrest, and in response to interrogation by any person then known to the Defendant to be a government agent. Defendant further contends that any statement of an alleged co-conspirator or co-defendant concerning activity relating to the crime(s) alleged in the indictment should be

disclosed under Rule 16(a)(1)(A).

2. Any relevant written or recorded statement(s) or admission(s) made by the Defendant that are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government and which were made before or after arrest in response to interrogation by any person then known by Defendant to be a government agent, including, but not limited to written records of Defendant's oral statements.

3. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or measures made in connection with the case and which are material to the preparation of the defense or are intended for use by the Government as evidence in its case-in-chief, including but not limited to analysis of tape recordings or wiretaps, handwritten analysis, fingerprint comparisons, voice identifications and polygraph examinations.

4. Any recorded testimony of the Defendant before a grand jury which is related to the offense charged.

5. Any and all books, papers, documents, photographs, videotapes, motion pictures, mechanical or electronic recordings, buildings or places, crime scene(s), tangible objects and all copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of the defense or are intended for use, or may possibly be used, by the Government as evidence during the

presentation of its case-in-chief or rebuttal case or which were obtained from or belong to the Defendant.

6. A complete copy of Defendant's entire criminal record, both as an adult and juvenile, including the Federal Bureau of Investigation identification sheet, any National Crime Information Center (NCIC) reports, or any other documentation indicating Defendant's prior record.

7. Any and all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

8. All statements, memoranda and documents producible under 18 U.S.C.A. § 3500 (1983).

9. Any evidence that the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b).

10. Detailed information pertaining to any electronic surveillance, eavesdropping, interceptions of communications, wiretapping or any similar investigative techniques used in this case of which Defendant was the subject or otherwise involved. If such techniques have been used, Defendant requests that the Government provide Defendant's attorney(s) with true and complete copies of such monitoring, along with the dates on which the recordings or interceptions took place, names of the government agents who participated in the monitoring and the names of

all persons captured (visually or aurally) on the recordings or interceptions.

11. The names, addresses, telephone numbers and backgrounds of all witnesses to be presented on the witness stand during any phase of trial of this case by the Government.

12. The identities of any confidential informants who were actual participants in or eyewitnesses to any alleged criminal activities. This request is made pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957).

13. The existence and substance of any payments, fees or anything of value or use, as well as any written or verbal promises, immunity, leniency, preferential treatment or agreement to make a recommendation or any benefits made to any informant, special employee, alleged co-conspirator (indicted or unindicted), alleged accomplice or aider and abettor (indicted or unindicted), tipster, or any other prospective Government witness, or his or her family or associates, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Naupe v. Illinois*, 360 U.S. 264 (1959).

14. Any and all inculpatory evidence of any type that concerns or relates to any individual who has acted as an informant, special employee, alleged co-conspirator (indicted or unindicted), alleged accomplice or aider and abettor (indicted or unindicted), tipster, or investigator who may be called as a witness by the Government during trial of this case, including, but not limited to any charges which were the subject of any plea bargains or prosecutorial proceedings of any nature.

15. The entire criminal record of any alleged co-conspirator (indicted or unindicted), accomplice or aider and abettor (indicted or unindicted), informant, special employee, tipster or investigator related to this case and/or who may be called as a witness by the Government during any phase of trial.

16. Any Federal Bureau of Investigation or other investigative agency departmental rules or regulations pursuant to which any alleged co-conspirator (indicted or unindicted), alleged accomplice or aider and abettor (indicted or unindicted), informant, special employee, tipster or investigator participated in the investigation of this case.

17. Any recording or transcriptions of conversations with, discussions with or statements made by any alleged co-conspirator (indicted or unindicted), alleged accomplice or aider and abettor (indicted or unindicted), informant, special employee or tipster pertaining to the investigation of this case.

18. A copy of all original notes, statements, memoranda, whether handwritten or otherwise recorded, that were made by any and all agents of the Government investigating this case, including any person who was acting as an informer, special employee, tipster or in an undercover capacity.

19. Dates, places, circumstances and names of all persons involved in any identification procedures (photographic, corporeal or of any other type), interrogations, searches or seizures that were conducted in connection with the investigation of this case.

20. The name, address and qualifications of any expert witness intended or expected to be called by the Government during either its case-in-chief or its rebuttal.

21. All expert conclusions and analysis pertaining to any records, papers, documents or physical evidence sieved or obtained by the Government in connection with its investigation of this case.

22. Information pertaining to any person in connection with the Government's investigation of this case that was given a polygraph examination, including the name of each person examined, the name and address of each examination operator, and the dates of each examination. Also, furnish the Defendant with a copy of the questions and answers posed and given, and the results of any interpretations thereof.

23. Any statements that might be admissible under Fed. R. Evid. 800(d)(1) as inconsistent statements by a Government witness, or to rebut an express or implied charge against any Government witness of recent fabrication or improper influence or motive. The production of these statements are required because the Government may attempt to introduce them as evidence in this case, and because they are material to the preparation of the defense and issues of credibility. This request includes any statements that might reasonably be foreseen for use during the Government's case-in-chief or its rebuttal case.

24. Each occasion in which a witness or potential witness for the Government

has testified before any court, grand jury, other tribunal, stenographer or court reporter, or has otherwise given a sworn statement of any type.

25. Any information and/or knowledge the Government has that would in any manner show that any of the Government's potential witnesses may be suffering from delusions, emotional difficulty, alcoholism, narcotics addiction, the use or abuse of any type of controlled substance, psychological or psychiatric imbalance or any other physical or mental condition that might possibly affect his or her credibility or memory.

26. Information detailing the circumstances under which any government agent, or anyone acting at the direction or behest of the Government, has made any attempt, or has in fact, gained information from the Defendant since the return of the indictment in this case by sending, counseling or advising persons to talk to the Defendant. In addition to describing all such activities in detail, include the name, address and telephone number of all persons involved.

27. Any and all evidence of any type which the Government is aware of, or which the Government could become aware of by the exercise of reasonable diligence, that indicates any individual who may be called as witnesses by the Government during trial has been involved in any criminal conduct at any time up to the present date, whether or not this conduct resulted in criminal charges being brought against the individual.

28. Information identifying any notes, documents or recordings related to the

investigation of this case that were made by agents of the Government, including any person who was acting as an informer, special employee, alleged accomplice or aider and abettor (indicted or unindicted), alleged co-conspirator (indicted or unindicted), tipster or in any undercover capacity that have been partially or totally altered or destroyed, as well as the nature of the alteration and the reason and/or basis for the alteration.

\* \* \*

This discovery request is continuing in nature and the Government must promptly notify counsel for Defendant of the existence of additional evidence or material that is discovered prior to or during trial and is subject to discovery or inspection under any provision of law. Furthermore, Defendant reserves the right to move for the disclosure of additional discovery as more information about the case is uncovered.

Date: January 23, 2019  Respectfully submitted,

By: /s/ *Dhamian A. Blue*
Dhamian A. Blue
BLUE LLP
205 Fayetteville Street, Suite 300
Raleigh, North Carolina 27601
Tel: (919) 833-1931
Fax: (919) 833-8009
dab@bluellp.com
State Bar No. 31405
*CJA Appointed Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2019, I served the foregoing Request for Discovery on all counsel of record via the CM/ECF system.

*/s/Dhamian A. Blue*
Dhamian A. Blue
